The judgment of the court was pronounced by
Slidell, J.
The plaintiff was employed under written contract to act as pilot of a steamer for a certain number of months ; and, after acting for some time was dismissed without sufficient cause, although he tendered performance.
There is no question of the liability of Ealer, one of the defendants; and we consider the appeal on his part frivolous.
The argument of the counsel for the defence has been principally directed against so much of the judgment as condemns Houston.
It appears from the evidence that Ealer had acknowledged himself to be a part owner, and had been the person who usually represented the boat. This latter fact appears to have been known to Houston, and it is also fairly *16 inferrible from the evidence that Houston was aware of the plaintiff’s employ-ment. It is true that some of the testimony was hearsay; but no objection was made to it in the court below. As the whole evidence satisfied the mind of the district judge, it is not proper to reverse his judgment upon these questions of fact, unless it be clearly unsupported by evidence, which cannot be pretended.
Although Ealer contracted in his own name, this is insufficient, per se, to restrict the liability to him. We understand the rule under our jurisprudence to be the same as is acted upon in courts of equity, which will seek out the principal, and enforce a contract against him ex cequo et bono, although he be not bound by the form of the contract. Ballister v. Hamilton, 3 Ann., 401. Besides, we have parol evidence here, which has been received without objection,-that the plaintiff, at the time of the contract, contemplated the liability of all the owners, and not merely of Ealer.
It is therefore decreed, that the judgment of the district court be affirmed with costs; and it is further decreed, that the said plaintiff recover from the said Henry A. Ealer, the further sum of $38, as damages for a frivolous appeal.